UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CANDACE-JABRIL SHEKINAH AFRICA )<br>a/k/a C. SHEKINAH AFRICA, )<br>       Plaintiff, )<br>)<br>       v. )<br>)<br>SHERRY ELLIOTT, et al., )<br>       Defendants. )<br>) | **CIVIL ACTION**<br>**No. 22-11143-AK** |

MEMORANDUM AND ORDER

A. KELLEY, D.J.

      For the reasons stated below the Court grants plaintiff's motion for leave to proceed *in forma pauperis*, assesses an initial partial filing fee and grants the motion for leave to file a supplemental factual appendix. The clerk shall correct the docket and issue summons for service of the complaint.

**I.    Background**

      On July 14, 2022, Candace-Jabril Shekinah Africa[1], a prisoner in custody at MCI Norfolk, filed a *pro se* complaint. [ECF No. 1]. With the complaint, plaintiff filed an application to proceed in district court without prepaying fees or costs (also referred to as a motion for leave to proceed *in forma pauperis*). [ECF No. 2]. Because the motion for leave to proceed *in forma pauperis* was not accompanied by a copy of plaintiff's inmate account

---

[1] Plaintiff, who uses "she/her" pronouns, states that she "is a transexual" who has been diagnosed with "Gender Dysphoria/Gender Identity Disorder . . ." See Complaint at p. 1. Plaintiff is listed as Candace-Jabril Africa in an online search of plaintiff's custody status. See https://vinelink.vineapps.com/person-detail/offender/20452004;tabIndexToSelect=0 (last visited August 20, 2022). Accordingly, the Court refers to plaintiff using "she/her" pronouns.

statement, the Court ordered plaintiff either to pay the filing fee or file an application accompanied by a prison account statement. [ECF No. 4].

Now before the Court are plaintiff's renewed application and prison account statement. [ECF Nos. 7-8]. Plaintiff also filed a motion for leave to file a supplemental factual appendix. [ECF No. 9]. In her latest motion, plaintiff explains, among other things, that the original complaint is incomplete and the proposed appendix includes documents that were not included in the attachments that accompany the original complaint. Id. ¶ 1. Plaintiff also filed several letters seeking correction of the docket and the filing of documents consisting of mail receipts and a chronology of documents. [ECF Nos. 5, 11-13].

**II.    Discussion**

Upon review of plaintiff's renewed application and prison account statement, the Court grants plaintiff leave to proceed *in forma pauperis*. Pursuant to 28 U.S.C. § 1915(b)(1), the Court assesses an initial partial filing fee of $70.11. The remainder of the fee, $279.89, shall be collected in accordance with 28 U.S.C. § 1915(b)(2).

Plaintiff seeks leave to file a supplemental appendix and explains, among other things, that the original complaint "is not complete" and "not very organized." [ECF No. 9 at 1]. The Court notes that plaintiff has not moved to file an amended complaint.[2] The proposed appendix consists of 153 pages of exhibits that include copies of court opinions, statutes, letters and

---

[2] Plaintiff is advised that motions to amend pleadings before trial are governed by Rule 15(a). "A party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1). If plaintiff seeks to amend the original complaint, she is advised that an amended complaint completely replaces the original complaint. See Brait Builders Corp. v. Massachusetts, Div. of Capital Asset Mgt., 644 F.3d 5, 9 (1st Cir. 2011).

Department of Correction records. [ECF No. 9–2]. Although it is not clear exactly how the documents that are proposed as exhibits to the complaint support plaintiff's claims against the defendants, the Court will allow the motion.

Plaintiff filed several letters seeking correction of the docket for this case because it fails to match the information she submitted on her pleadings and on the JS-44 form ("civil cover sheet"). On the civil cover sheet, plaintiff lists her name as C. Shekinah Africa and selects the Nature of Suit ("NOS") code description as "446 Amer. w/Disabilities-Other." (ECF No 12 at 2). The clerk's office initially listed plaintiff's name as Candace Gabriel Shekinah Africa and assigned a prisoner NOS code description. In response to correspondence received from plaintiff, the clerk's office changed plaintiff's name to Candace-Jabril Shekinah Africa and changed the NOS code description to "446 Amer. w/Disabilities-Other."

In practical terms, the civil cover sheet is used by the clerk's office for the purpose of initiating the civil docket sheet for each new case. As the form states at the top, nothing contained in the civil case cover sheet replaces or supplements the filing and service of pleadings or other papers. Because plaintiff is incarcerated, the clerk's office shall be directed to classify this action as "550 Civil Rights." Plaintiff is advised that the NOS code description is used by the Court for record keeping/statistical purposes and does not impact her claims against the defendants in this case. As to plaintiff's name, the clerk's office shall be directed to identify plaintiff on the docket as Candace-Jabril Africa also known as C. Shekinah Africa.

### III. Order

For the foregoing reasons, it is hereby ORDERED

1. The motion for leave to proceed *in forma pauperis* [ECF No. 2] is granted. Pursuant to 28 U.S.C. § 1915(b)(1), the Court assesses an initial partial filing fee of $70.11. The

remainder of the fee, $279.89, shall be collected in accordance with 28 U.S.C. § 1915(b)(2).  The Clerk shall send a notice for payment to the Treasurer's Office at MCI- Norfolk.

2. The motion for leave to file a supplemental factual appendix [ECF No. 9] is granted.

3. The Clerk shall change the nature of suit code to 550 and list plaintiff's name on the docket as "Candace-Jabril Africa"  also known as "C. Shekinah Africa."

4. The Clerk shall issue summonses and shall send the summonses, complaint, factual appendix and this Memorandum and Order to plaintiff, who must thereafter serve the defendants in accordance with Federal Rule of Civil Procedure 4(m).  Plaintiff shall have 90 days from the date of this Order to complete service.

5. Plaintiff may elect to have service made by the United States Marshals Service.  If directed by plaintiff to do so, the United States Marshals Service shall serve the summonses, complaint, factual appendix and this Order upon the defendants, in the manner directed by plaintiff, with all costs of service to be advanced by the United States. Notwithstanding this Order to the United States Marshals Service, it remains plaintiff's responsibility to provide the United States Marshals Service with all necessary paperwork and service information.

SO ORDERED.

      /s/ Angel Kelley
     Angel Kelley
     UNITED STATES DISTRICT JUDGE

September 1, 2022