UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| CANDACE-JABRIL SHEKINAH AFRICA a/k/a C. SKEKINAH AFRICA, <br>     Plaintiff, <br><br> v. <br><br> SHERRY ELLIOTT, et al., <br>     Defendants. | Civil Action No. 22-11143-AK |

ORDER

A. KELLEY, D.J.                                                                                                January 18, 2023

On September 1, 2022, Plaintiff was granted leave to proceed *in forma pauperis* and the Clerk was directed to issue summonses for service of Defendants Sherry Elliot. Elizabeth Curto, Steven Silva, Carol Mici, Vanessa Rattigan and the Massachusetts Department of Correction. Dkt. 14. At that time, summons issued for service of the complaint. Dkt. No. 17. The following day, on September 2, 2022, counsel for Defendant Vanessa Rattigan entered a Notice of Appearance. Dkt. 19.

On October 7, 2022, Plaintiff filed a Motion for Leave to File an Amended Complaint. Dkt. 22. Plaintiff also filed a Motion for Relief from Memorandum and Order, which is accompanied by an affidavit and 65 pages of supporting documents. Dkt. 21. As best can be gleaned from the motion for relief, Plaintiff seeks to dispel any misperception of "the intersectionality" between disability and inequity, *id.* at p. 1, as well as "discern any mishandling of clerical-mistakes, inadvertent efforts to mitigate sanctions, systematic or structural exclusion and/or effective-denial of pre-trial opportunities to seek justice." *Id.* at p. 3.

On November 28, 2022, Plaintiff moved for appointment is counsel. Dkt. 28. Plaintiff also filed copies of the court-filings (i.e. summons and complaint) that Plaintiff sent by mail to Nancy Ankers-White, General Counsel for the Massachusetts Department of Correction. Dkt. 26. The Court notes that this is not sufficient proof of service of the original complaint because the defendants have not been served in accordance with Rule 4 of the Federal Rules of Civil Procedure.[1]

---

[1] Rule 4(c) requires that the individual serving the complaint and summons is not a party to the litigation. Fed. R. Civ. P. 4(c)(2). Here, by mailing the summons and complaint to Nancy Ankers-White, Plaintiff has not followed any of the acceptable methods of service outlined in Rule 4 of the Federal Rules of Civil Procedure.

Under Rule 4(e), there are four ways by which to serve an individual defendant within a federal judicial district: (1) by following the requirements of state law for serving a summons in actions brought in the courts of general jurisdiction in the state where the district court is located or where service is made (here, Massachusetts); (2) by delivering a copy of the summons and the complaint to the individual personally; (3) by leaving copies of those items at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or (4) delivering copies to an agent authorized by appointment or by law to receive service of process.

Rule 4(h) provides that "[u]nless federal law provides otherwise or the defendant's waiver has been filed," a corporation must be served within any judicial district of the United States in the manner prescribed by Rule 4(e)(1) for serving an individual or by delivering a copy of the summons and complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant. Fed. R. Civ. P. 4(h)(1)(A).

Under Rule 4(j)(2), there are two ways to serve an agency of the Commonwealth: (1) by delivering a copy of the summons and of the complaint to its chief executive officer, or (2) by serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant.

The Massachusetts Rules of Civil Procedure require that, to effect service on any agency of the Commonwealth, the plaintiff must deliver a copy of the summons and the complaint to "the Boston office of the Attorney General of the Commonwealth, and ... to [the agency's] office or to its chairman or one of its members or its secretary or clerk. Service hereunder may be effected by mailing such copies to the Attorney General and to the agency by certified or registered mail." Mass. R. Civ. P. 4(d) (3).

The Massachusetts rules for service on an individual are substantially similar to the federal rules. Service can be made upon an individual by "delivering a copy of the complaint to him personally; or by leaving copies thereof at his last and usual place of abode; or by delivering

By Electronic Order dated December 8, 2022, Plaintiff's motion for leave to file an amended complaint was granted. Dkt. 29. The Court stated that if Plaintiff serves an Amended Complaint, the Court will deny Defendant's Motion to Dismiss the original complaint as moot. *Id.* The pending motions remained under advisement. *Id.*

On January 9, 2023, Plaintiff filed an Amended Complaint. Dkt. 31. Plaintiff also filed a motion for temporary restraining order and preliminary injunction. Dkt. 32. Plaintiff seeks to have this Court order immediate access and transport to MCI-Framingham or other suitable facility for vocational (cosmetology) programming and personal haircare services that are unavailable at MCI-Norfolk. *Id.* Although identified as an ex-parte motion, Plaintiff includes a certificate of service stating that a copy of the motion was served on Attorney Saltzman, "the only counsel of record [who] is Ms. Vanessa Rattigan's [attorney]." Dkt. 32-3. Plaintiff's ex-parte Notice of Motion indicates that copies of the Amended Complaint and motion were served on Attorney Saltzman. Dkt. 33.

Based on the foregoing, and upon review of the pleadings, it is hereby ORDERED,

1. Plaintiff's motion for temporary restraining order and preliminary injunction (Dkt. 32) is DENIED IN PART. Federal Rule of Civil Procedure 65(b) authorizes a court to issue a temporary restraining order without notice to the adverse party where the moving party demonstrates "immediate and irreparable injury, loss, or damage before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A). "[T]he court may issue a preliminary injunction only on notice to the adverse party." Fed. R. Civ. P. 65(a)(1). Rule 65's "stringent restrictions ... reflect the fact that our entire jurisprudence runs counter to the notion of court

---

copy of the summons and of the complaint to an agent authorized by appointment or by statute to receive service of process ...." Mass. R. Civ. P. 4(d)(1).

action taken before reasonable notice and an opportunity to be heard has been granted to both sides of a dispute." *Granny Goose Foods v. Bhd. of Teamsters & Auto Truck Drivers*, 415 U.S. 423, 438-39 (1974).  Here, Plaintiff has not demonstrated immediate and irreparable injury before the Defendants can be heard in opposition.  The Court will require notice to the Defendants and Plaintiff will be required to serve the Defendants with copies of the motion along with her amended complaint.  The Court will address the request for a preliminary injunction after it receives responses from the Defendants.

      2.      Defendant Vanessa Rattigan's motion to dismiss (Dkt. 23) is DENIED AS MOOT and Rattigan shall respond to the amended complaint (Dkt. 31) and plaintiff's motion for temporary restraining order and preliminary injunction (Dkt. 32).

      3.      The Clerk shall issue summonses for service of the amended complaint and motion for temporary restraining order and preliminary injunction on Defendants Sherry Elliot, Steven Silva, Mitzi Peterson, James O'Gara, Carol Mici, the Department of Correction and Wellpath Care LLC.  Because she is not named in the Amended Complaint, the Clerk shall terminate as a party Elizabeth Curto.

      4.      The Clerk shall send the summonses, amended complaint, motion for temporary restraining order and preliminary injunction, and this Order to Plaintiff, who must thereafter serve defendants Sherry Elliot, Steven Silva, Mitzi Peterson, James O'Gara, Carol Mici, the Department of Correction and Wellpath Care LLC in accordance with Federal Rule of Civil Procedure 4(m).  Plaintiff shall have 90 days from the date of the issuance of summons to complete service.

      5.      Because Plaintiff has been granted leave to proceed *in forma pauperis*, Plaintiff may arrange for service by the United States Marshals Service.  If directed by Plaintiff to do so,

4

the United States Marshals Service shall serve the summonses, amended complaint, motion for temporary restraining order and preliminary injunction, and this Order upon the Defendants, in the manner directed by Plaintiff, with all costs of service to be advanced by the United States. Notwithstanding this Order to the United States Marshals Service, it remains Plaintiff's responsibility to provide the United States Marshals Service with all necessary paperwork and service information.

6. Plaintiff's motion for appointment of counsel, Dkt. 28, is DENIED without prejudice to renewal after the Defendants have been served with and responded to the amended complaint. Under 28 U.S.C. § 1915(e)(1), the Court "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). However, a civil plaintiff lacks a constitutional right to free counsel. *See DesRosiers v. Moran*, 949 F.2d 15, 23 (1st Cir. 1991). Because the Defendants have not yet responded to the amended complaint, the Court cannot determine whether appointment of pro bono counsel is warranted.

7. Plaintiff's motion for relief (Dkt. 21) is DENIED. "[R]elief under Rule 60(b) is extraordinary in nature and... motions invoking that rule should be granted sparingly." *Karak v. Bursaw Oil Corp.*, 288 F.3d 15, 19 (1st Cir. 2002). Here, the exact nature of the relief sought is unclear and Plaintiff has failed to demonstrate that she is entitled to relief from the Court's Memorandum and Order.

SO ORDERED.

                                                  /s/ Angel Kelley
                                                  UNITED STATES DISTRICT JUDGE